UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAMONT ROSEGREEN,<br>    Plaintiff, | :<br>:<br>: | CASE NO. 3:23-cv-01632 (MPS) |
| v. | :<br>:<br>: | |
| LLOYD, et al.,<br>    Defendants. | :<br>:<br>:<br>: | January 18, 2024 |

**INITIAL REVIEW ORDER**

Plaintiff Lamont Rosegreen, incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a complaint pursuant to 42 U.S.C. § 1983.  He names Lieutenant Lloyd, Major Curney, now Commissioner and then Major Quiros, Warden Jane Doe, Lieutenant John Doe, and Medical Nurse Jane Doe as defendants.  The plaintiff contends that he was sexually assaulted on December 24, 2005.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  This requirement applies to all prisoner filings regardless of whether the prisoner pays the filing fee.  *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)).  Here, the plaintiff is proceeding *in forma pauperis.*

The Court has thoroughly reviewed all factual allegations in the complaint and conducted

an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the Court orders as follows.

## I.  Allegations

While the Court does not set forth all of the facts alleged in the plaintiff's complaint (ECF No. 1), it summarizes his basic factual allegations here to give context to its ruling below. On December 24, 2005, the plaintiff was brought to Garner Correctional Institution where he was sexually assaulted. *Id*. ¶¶ 1-3. The plaintiff alleges that Lieutenant Lloyd ordered the assault, and defendants Curney, Quiros, Warden Doe, and Shift Commander Doe permitted it to happen. *Id*. ¶¶ 4-5, 9.

## II.  Discussion

Although the statute of limitations is ordinarily an affirmative defense, the district court may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers the plaintiff himself submitted. *See Walters v. Industrial and Commercial Bank of China, Ltd*., 651 F.3d 280, 293 (2d Cir. 2011). The limitations period for filing a section 1983 action in Connecticut is three years. *See Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018).

Although the plaintiff signed the complaint on August 14, 2023, Doc. No. 1 at 7, the envelope in which he mailed it to the court is postmarked December 11, 2023, Doc. No. 1-1. "Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court." *Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)). It is unlikely that the plaintiff gave his complaint to prison officials for mailing four months before it actually was

mailed. However, even assuming this to be the case, to be timely, the plaintiff's claims must have accrued within three years of filing, or after August 14, 2020.

While federal courts look to state law to determine the applicable limitations period, federal law controls when the cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (internal quotation marks omitted). Thus, the Court must determine when the plaintiff possesses sufficient facts about the harm done to him that he knew or had reason to know of his cause of action. The Court "should look to 'the time of the ... act, not the point at which the *consequences* of the act become[] painful.'" *Coronado v. City of New York*, No. 11CV5188-LTS-HBP, 2014 WL 4746137, at *3 (S.D.N.Y. Sept. 24, 2014) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)).

The plaintiff was immediately aware of the alleged sexual assault. Thus, the limitations period commenced the following day and concluded December 25, 2008, nearly fifteen years before the plaintiff filed this action. The plaintiff's claims are timely filed only if he alleges a continuing violation, or the limitations period is equitably tolled.

The plaintiff does not allege any facts suggesting that the continuing violation doctrine applies here. Although the Second Circuit has held that the doctrine applies to certain types of Eighth Amendment claims, *Shomo*, 579 F.3d 176, the doctrine is implicated only "when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that collectively constitute one unlawful act, but the doctrine cannot be applied when the plaintiff challenges conduct that is a discrete unlawful act," *id.* at 181 (internal quotation marks omitted). As noted,

the plaintiff alleges that he was sexually assaulted on one day in December 2005. So his allegations do not suggest that he was the victim of a continuing violation.

"Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023) (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (internal quotation marks omitted)). Granting equitable tolling is within the court's discretion. *Id*. Before the court exercises that discretion, however, "a litigant must demonstrate as a factual matter the existence of two elements: first, 'that some extraordinary circumstance stood in [his] way' and second 'that [he] has been pursuing [his] rights diligently.'" *Id.* (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (citations omitted)). Absent these two elements, the court cannot equitably toll the limitations period. *Id*.

"Whether a plaintiff faced extraordinary circumstances depends not on 'the uniqueness of a party's circumstances' or the outrageousness of what they endured, 'but rather ... the severity of the obstacle impeding compliance with a limitations period.'" *Id.* at 72 (quoting *Small v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (citation omitted)). The Second Circuit has noted that courts within this circuit have held that "a prisoner 'may show extraordinary circumstances for purposes of equitable tolling where they [sic] allege specific facts showing that a reasonable fear of retaliation' by their jailers 'prevented them from filing a timely complaint.'" *Id.* (quoting *Davis v. Jackson*, No. 15-cv-5359(KMK), 2016 WL 5720811, at *11 (S.D.N.Y. Sept. 30, 2016)).

The plaintiff alleges that "out of fear I never spoke of it until now." Doc. No. 1 ¶ 6. However, he describes only one incident; he was not subjected to repeated sexual assault as was the plaintiff in *Doe v. United States*. Nor has he been continuously incarcerated and under the

4

control of the defendants since 2005.  Information on the Department of Correction website shows that the plaintiff was most recently admitted to the custody of the Department of Correction on December 8, 2021.  *See* www.ctimnateinfo.state.ct.us/detailsupv.asp?id_inmt_num=279798.  The Court may take judicial notice of matters of public record.  *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

While the Court is sympathetic to the fact that the plaintiff may have been reluctant to address the issue while incarcerated, even considering the plaintiff's alleged fear as an extraordinary circumstance, he could have pursued his claim following his release from prison but did not do so.  Thus, the facts alleged do not show that the plaintiff acted with reasonable diligence during the time he seeks to have tolled.

### III.     Conclusion

The complaint is dismissed without prejudice as time-barred, and the Clerk is directed to close this case.  If the plaintiff can allege facts to show that the limitations period should be equitably tolled, he may file a motion to reopen and an amended complaint including those facts along with the claim asserted in the complaint.  Any motion to reopen and amended complaint shall be filed within thirty days from the date of this order.  If filed, the amended complaint will completely replace the complaint and the Court will not consider any allegations made in the complaint when evaluating the amended complaint to determine whether it may proceed to service of process on any defendants named therein.

**SO ORDERED** this 18th day of January 2024 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge